# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant GREGORY B. HARRIS**
**United States Army, Appellant**

ARMY 20130310

Headquarters, United States Army Alaska
Stefan R. Wolfe, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Robert N. Michaels, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain James P. Curtin, JA (on brief).

25 February 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

A panel of officer and enlisted members sitting as a special court-martial convicted appellant, contrary to his pleas, of five specifications of cruelty and maltreatment, and three specifications of assault consummated by a battery, in violation of Articles 93 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 928 (2006) [hereinafter UCMJ].[*] The panel sentenced appellant to a bad-

---

[*] The government failed to renumber the charges and specifications as ordered by the military judge during the trial. We will renumber the Specifications of Charge III as they appear on the Charge Sheet as the Specifications of Charge II. After findings, the military judge stated that he would "merge" one specification of cruelty and maltreatment (Specification 1 of Charge1) with one specification of assault consummated by a battery (renumbered Specification 1 of Charge II) for the purpose

(continued . . .)

conduct discharge, confinement for thirty days, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant asserts two assignments of error, one of which merits discussion but no relief. One issue not raised by appellant merits discussion and relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not warrant relief.

Appellant asserts that the promulgating order and record of trial are incorrect in that they exaggerate the appellant's criminality by including a charge that was dismissed. While it is apparent that the promulgating order, record of trial, and result of trial all reflect that appellant was found guilty of Specification 1 of renumbered Charge II (renumbered pursuant to this opinion), these documents are neither erroneous or misleading. Appellant was found guilty of Specification 1 of renumbered Charge II by the panel, and this finding was modified by the military judge after the announcement of findings. We order the promulgating order so corrected. We are confident appellant was not prejudiced in the post-trial review of his case by the documents reviewed by the convening authority.

The panel found appellant guilty of Specification 3 of Charge I, cruelty and maltreatment, on divers occasions between on or about 1 May 2011 and on or about 31 January 2012, for maltreating Specialist SW by orally communicating certain language, namely "hold my pants pocket" or words to that effect. Our examination of the record finds evidence of only one occasion to support this allegation. In particular, the victim testified appellant one time pulled out appellant's pocket, told the victim to hold it, and said, "Let's go." Consequently, we will not affirm the words "on divers occasions" in Specification 3 of Charge I.

---

(. . . continued)
of findings and sentencing. The military judge's use of the term "merge" is potentially ambiguous. He did not definitively consolidate the specifications, nor did he dismiss a specification as multiplicious or as an unreasonable multiplication of charges. *See United States v. Mayberry*, 72 M.J. 467 (C.A.A.F. 2013) (summ. disp.). To clarify any ambiguity, we dismiss Specification 1 of Charge II in our decretal paragraph. In any event, the military judge treated the offenses as "one offense for the purposes of sentencing." Accordingly, appellant was not prejudiced with regard to his sentence.

**CONCLUSION**

Upon consideration of the entire record, including the matters submitted pursuant to *Grostefon,* the finding of guilty of Specification 1 of renumbered Charge II is set aside and that specification is dismissed. We only affirm so much of Specification 3 of Charge I as extends to:

> In that [appellant], U.S. Army, at or near Forward Operating Base (FOB) Sarkari Karez, Afghanistan, between on or about 1 May 2011 and on or about 31 January 2012, did maltreat Specialist (E-4) SW, a person subject to his orders, by orally communicating to Specialist (E-4) SW certain language, to wit: "hold my pants pockets," or words to that effect.

The remaining findings are AFFIRMED.

We are able to reassess the sentence on the basis of the amended findings, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape or the gravamen of appellant's criminal conduct. We are convinced that the panel would have adjudged the same sentence had they only convicted appellant of the charges and specifications affirmed by this court. The sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3